**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-1354**

---

ROBERTO CARLOS BOTEO-PORTILLO,

>           Petitioner,

>      v.

LORETTA E. LYNCH, Attorney General,

>           Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  November 9, 2015      Decided:  November 23, 2015

---

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

---

Petition dismissed in part, denied in part by unpublished per curiam opinion.

---

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Blair T. O'Connor, Assistant Director, Briena L. Strippoli, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Carlos Boteo-Portillo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review in part and deny the petition in part.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board explicitly agreed, that Boteo-Portillo failed to meet his burden of establishing that his three United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to El Salvador. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding. See Sattani v. Holder, 749 F.3d 368, 372 (5th Cir. 2014) (finding no jurisdiction to review determination that aliens failed to demonstrate requisite hardship to their U.S. citizen son); Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision

2

of the [Board] to actually deny a petition for cancellation of removal."); Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001) (concluding, under transitional rules, that issue of hardship is committed to agency discretion and is not subject to appellate review). We therefore dismiss the petition for review in part.

We retain jurisdiction to consider Boteo-Portillo's argument that issues with the video teleconferencing feed during his immigration hearing violated his rights to due process. See 8 U.S.C. § 1252(a)(2)(D) (2012) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals"). However, because Boteo-Portillo failed to demonstrate the requisite prejudice before the Board, see Rusu v. INS, 296 F.3d 316, 320-22 (4th Cir. 2002), we deny this portion of the petition for review for the reasons stated by the Board. See In re: Boteo-Portillo (B.I.A. Mar. 19, 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

3